SO ORDERED.

SIGNED this 16th day of July, 2018.


UNITED STATES BANKRUPTCY JUDGE



UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON SALEM DIVISION

| | |
|---|---|
| In re: )<br>)<br>J. SCOTT CURTIS, )<br>)<br>Alleged Debtor. )<br>_____) | Case No. 18-50003<br>Chapter 7 (Involuntary) |

### MEMORANDUM OPINION DETERMINING
### ATTORNEYS' FEES PURSUANT TO 11 U.S.C. §303(i)

This case is before the Court for consideration of the Declaration of Jeffrey E. Oleynik [Doc. #25], requesting a recovery of attorneys' fees for the alleged Debtor ("Mr. Curtis") in the amount of $9,776.00,[1] and the Response to the Request filed by counsel for J.C. Squared, Inc. [Doc. #26]. For the reasons stated herein, the Court will award attorneys' fees to Mr. Curtis pursuant to 11 U.S.C. § 303(i)(1) in the amount of $6,000.

On January 3, 2018, J.C. Squared, Inc. filed an involuntary Chapter 7 petition against Mr. Curtis [Doc. #1]. The petition was filed five days before a trial was set to be heard in Guilford

---

[1] The Court notes that the figure of $9,776.00 reflects a reduction by Brooks Pierce for the majority of the time of Mr. Oleynik.

County Superior Court to determine a dispute between the parties. The involuntary petition was filed by a single creditor, J.C. Squared, Inc.

On January 26, 2018, Mr. Curtis filed a motion to dismiss the involuntary petition [Doc. #4] on the grounds that: (1) the petition was not filed by three qualifying creditors, and (2) the debt was subject to a bona fide dispute. Mr. Curtis also requested that costs and reasonable attorneys' fees be awarded pursuant to 11 U.S.C. § 303(i)(1) and that damages and sanctions be awarded pursuant to 11 U.S.C. § 303(i)(2) and Bankruptcy Rule 9011.

On April 10, 2018, the Court dismissed the involuntary petition [Doc. #14], finding that the debt of the petitioning creditor was subject to a bona fide dispute. The Court reserved the issue of attorneys' fees and costs under 11 U.S.C. § 303(i)(1) and denied the request for damages and sanctions pursuant to 11 U.S.C. § 303(i)(2) and Bankruptcy Rule 9011.

Petitioning creditors, especially when acting alone, assume certain risks in filing an involuntary petition. Those risks include the assessment of costs and attorneys' fees when a case is dismissed and, in instances of bad faith filing, damages related to the improper filing. 11 U.S.C. § 303(i). A judgment against a petitioning creditor for fees and costs can only be awarded if: (1) the court dismisses the petition other than on consent of the petitioning creditor and the debtor, and (2) the debtor does not waive the right to judgment. *Id.* Once the court determines that the elements of §303(i) are met, an award of costs and attorneys' fees is not mandatory, but is in the discretion of the court. *See In re Gills Creek Parkway Assocs.*, 194 B.R. 59, 64 (Bankr. D.S.C. 1995). The majority of courts use a standard of totality of the circumstances in deciding whether to award fees. *Id.* The factors to consider, among others, include the motives and objectives of the filing, the timing of the filing, the merits of the involuntary petition, and the reasonableness of the respective conduct of the parties.

The Court has considered these factors, notes that both conditions precedent to awarding fees and costs have been met, and has concluded that based on the totality of the circumstances that attorneys' fees should be awarded. The Court must now review what fees should be compensable. Fees incurred for the defense of Mr. Curtis against the involuntary petition should be recoverable. However, fees incurred to advance a recovery under § 303(i)(2) for a bad faith filing should be denied. The Court has made its best effort to separate the issues and finds that a fee award in the amount of $6,000.00 is fair and reasonable.

IT IS THEREFORE ORDERED that judgment will be entered, by separate order filed contemporaneously with this memorandum, in favor of J. Scott Curtis against J.C. Squared, Inc., in the amount of $6,000.00 for attorneys' fees with interest at the federal judgment rate from the date of entry of this Order.

[END OF DOCUMENT]

## SERVICE LIST

J Scott Curtis
951 Ben Black Rd
Midland, NC 28107-9218

```
JC Squared, Inc.
110 Hepler St
Kernersville, NC 27284-2791

Gerald S. Schafer
Attorney for JC Squared

Kimberly M. Marston
Jeffrey Oleynik
Attorneys for Curtis

William Miller
US Bankruptcy Administrator
```